IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT SAPANARA, | ) | Civil No. 10-00056 SOM-BMK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER ADOPTING MAGISTRATE |
| | ) | JUDGE'S FINDINGS AND |
| TODD THOMAS, | ) | RECOMMENDATION OF DISMISSAL |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

ORDER ADOPTING MAGISTRATE JUDGE'S
FINDINGS AND RECOMMENDATION OF DISMISSAL

I.  INTRODUCTION.

Pro se Petitioner Robert Sapanara, a Hawaii prisoner incarcerated at Saguaro Correctional Facility in Eloy, Arizona, has filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus ("Petition").  On June 4, 2010, Magistrate Judge Barry M. Kurren issued his Findings and Recommendation to Deny Petition with Prejudice ("F&R").  The court granted Sapanara's request for an extension of time to file objections to the F&R until July 20, 2010.  On June 28, 2010, Sapanara filed his objections to the F&R.  However, the objections failed to comply with Local Rule 74.2, as they appeared to merely reiterate the issues previously raised, without further discussion.  On August 13, 2010, the court requested that Sapanara file supplemental briefing in support of his objection no later than September 17, 2010.  On September 9, 2010, Sapanara timely filed the instant Motion for

Reconsideration of the Magistrate Judge's Recommendation for Dismissal, which this court deems to be his supplemental objections to the F&R.  After a de novo review of the record, this court ADOPTS the F&R.

II.      STANDARD.

Any party may object to a Magistrate Judge's case-dispositive proposed order, findings, or recommendation.  28 U.S.C. § 636(b)(1)(B); Local Rule 74.2; Kaluna v. Iranon, 952 F. Supp. 1426, 1429 (D. Haw. 1996), aff'd, 131 F.3d 146 (9th Cir. 1997), cert. denied, 523 U.S. 1083 (1998).  The district court must make a de novo determination of those portions of the Magistrate Judge's findings to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1)(B); Local Rule 74.2; accord Kakugawa v. Adams, No. 07-337, 2007 WL 4479064, at *1 (D. Haw. 2007).

De novo review means the court must consider the matter anew, as if it had not been heard before and as if no decision previously had been rendered.  United States v. Silverman, 861 F.2d 571, 576 (9th Cir. 1988).  Thus, although the district court need not hold a de novo hearing, the court's obligation is to arrive at its own independent conclusion.  United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); see also Local Rule 74.2.

III.     BACKGROUND FACTS.

The court adopts and incorporates the facts set forth in the F&R, which Sapanara is not challenging or objecting to.

IV.     ANALYSIS.

The F&R recommended that Sapanara's Petition be denied. Specifically, the F&R recommended that Grounds One, Three, and Four of Sapanara's Petition be dismissed as procedurally barred from federal review, while Grounds Two and Five be denied on their merits.  Sapanara appears to object to the Magistrate Judge's determinations of all Grounds.  Sapanara presents minimal discussion about his specific objections.  His supplemental briefing is not substantially different from his original petition, nor does it add any material factual or legal basis to support his position.  Sapanara merely restates the grounds for relief set forth in his Petition and cites several Supreme Court cases, some of which bear no relevance to his claims, but rather only generally support relief from improper trial procedures and ineffective assistance of counsel.  The court nevertheless reviews the issues de novo.

     A.     Ground One.

Sapanara complains that his federal constitutional rights were violated when the trial court abused its discretion in various trial court rulings.  The F&R determined that Sapanara brought this matter up for the first time in the state court in

his Rule 40 petition. The ICA rejected these claims pursuant to Rule 40(a)(3) of the Hawaii Rules of Penal Procedure ("HRPP") on the basis that they were waived, because Sapanara had failed to raise them on his direct appeal in state court. The F&R recommended that Sapanara's claim be denied as procedurally barred from federal review.

The court has examined the issue <u>de novo</u> and agrees with the F&R on this point. Sapanara has presented no reason to reconsider the F&R. He fails to demonstrate any viable cause for his procedural default of this claim. He argues that his failure to raise this claim as a federal issue results from the prison law library's lack of requisite legal books. Sapanara claims that this is an extraordinary circumstance to overcome procedural default. Pet. at 5. However, Sapanara fails to show that this claim requires federal review to prevent a fundamental miscarriage of justice.

  B.  <u>Ground Two.</u>

Sapanara argues that the state circuit court violated his federal constitutional rights when it denied his post-trial DNA Motion. Sapanara argues that the state circuit court's denial of the DNA Motion was contrary to or an unreasonable application of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). The F&R recommended that this claim be denied with prejudice. The F&R determined that <u>Brady</u>

and its progeny are wholly inapplicable to Sapanara's claim that the state circuit court improperly denied the DNA Motion.

This court has examined the issue <u>de novo</u> and has determined that the Magistrate Judge is correct on this point. Sapanara has presented no reason to reconsider the F&R. Sapanara argues that, without the DNA evidence, the court had no evidence to convict him.  Pet. at 3, ECF No. 32.  However, Sapanara does not present any facts or case law in support of his argument and does not specifically address the Magistrate Judge's conclusion in the F&R.

      C.     <u>Ground Three.</u>

Sapanara argues that his federal constitutional rights were violated when the prosecutor engaged in misconduct.

As with Ground One, the F&R determined that Sapanara failed to raise this claim on direct appeal and raised it for the first time in his Rule 40 petition.  The ICA held that these claims were waived because Sapanara failed to raise them on direct appeal.  Again, Sapanara has failed to provide this court with any reason to reconsider the F&R.  Sapanara cites Supreme Court cases that have no bearing on his claims and do not support his argument.  Other than restating Ground Three, Sapanara presents no specific objection to the Magistrate Judge's findings.

D.      Ground Four.

Sapanara claims that his trial counsel's ineffectiveness deprived Sapanara of his right to counsel.  The F&R concluded that Sapanara raised his ineffective assistance of counsel in violation of the federal constitution for the first time in the Rule 40 petition.  The ICA rejected his federal claims as waived.

Aside from restating Ground Four, Sapanara makes no specific objection to the F&R regarding this claim.  Again, Sapanara cites Supreme Court cases that are not relevant or applicable to his argument.  The court has nonetheless examined the issue de novo and agrees with the conclusion of the F&R on this point.

E.      Ground Five.

Sapanara argues six grounds relating to ineffective assistance of appellate counsel.  Sapanara alleges that appellate counsel failed: (1) to prove Sapanara's "actual and factual innocence" by obtaining DNA testing of evidence, (2) to call or interview potential alibi witnesses, (3) to obtain evidence showing Sapanara was somewhere other than where the victims alleged certain assaults, (4) to argue that trial counsel had improperly elicited testimony of Sapanara's "other crimes and bad acts," (5)  to raise or preserve Sapanara's federal claims in the state courts, and (6) to argue that Sapanara's trial attorney had

failed to show Sapanara the state's plea negotiation deal.  F&R at 19.

The F&R viewed four of the ineffective assistance of appellate counsel grounds as frivolous.  Accordingly to the F&R, Grounds Two and Three are meritless because there is no requirement that appellate counsel engage in post-trial fact-finding efforts.  <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983).  Ground Four is frivolous because this alleged point of error was explicitly raised on direct appeal by Sapanara's appellate counsel.  Respts. Ex. F at 30-31.  The F&R viewed Ground Six as unfounded because nothing in the record indicated that Sapanara's trial counsel failed to discuss or convey the prosecutor's plea offering to Sapanara.

The F&R was unpersuaded by Ground One, seeing no prejudice established by Sapanara with respect to his alleged "actual and factual innocence" or any DNA testing produce.

The F&R also found Ground Five meritless, given Sapanara's failure to demonstrate that his appellate counsel's alleged failure to preserve or raise certain federal claims fell outside the wide range of competent assistance.  Moreover, the Magistrate Judge noted that there appeared to have been valid tactical reasons behind Sapanara's appellate counsel's decision to frame certain issues as state claims.

7

The court has examined the issues <u>de novo</u> and has determined that the Magistrate Judge is correct on these points. Sapanara has presented no reason to reconsider the F&R. Sapanara cites numerous Supreme Court cases such as <u>Crawford v. Washington</u>, 541 U.S. 36, 53-54 (2004), and <u>Massaro v. United States</u>, 538 U.S. 500 (2003), to support his ineffective assistance of counsel claims. Sapanara, however, misapplies these cases and fails to show that counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's deficient performance. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 693-94 (1984). Like the Magistrate Judge, this court will not second-guess appellate counsel's strategic determinations.

V.        CONCLUSION.

For the foregoing reasons, the court adopts the F&R in its entirety.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 21, 2010.



   /s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Sapanara v. Thomas, Civil No. 10-00056 SOM-BMK; ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION OF DISMISSAL.